ERNESTINE MECHANIK, Doing Business under the Name of MECHANIK'S SHIP YARDS, Plaintiff, *v.* HELEN C. HARRIS et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, February 14, 1946.

*Dow & Symmers* for defendants.

*Joseph W. Genzardi, Samuel F. Reynolds* and *James F. Reynolds* for plaintiff.

LORETO, J. This is a motion by one of two defendants for a stay of all proceedings for the enforcement of a judgment entered in this action in favor of the plaintiff and against the defendants after trial. On appeal to the Appellate Term, the judgment was affirmed (N. Y. L. J., Dec. 14, 1945, p. 1725, col. 5). Execution was stayed pending the appeal pursuant to section 159 of the New York City Municipal Court Code (L. 1915, ch. 279), the defendants having filed their undertaking on appeal. Their time to appeal further has expired, and they have expressed their intent not to seek any further review of the judgment.

During the pendency of the action in this court, the moving defendant commenced a suit in the Federal court against the plaintiff claiming damages for breach of contract.

The judgment obtained in this court is final, absolute, and is no longer open to attack. The defendant asserts that she seeks the stay of execution because she may find herself in a position unable to collect the judgment of the Federal court, when and if obtained, if the judgment of this court is meanwhile paid.

However, she adduces no facts to show any merit in the Federal court action, or likelihood of recovery therein; nor does she adduce any facts showing the present financial responsibility of the plaintiff, or his probable financial responsibility at any time in the future.

To grant a stay of execution of a judgment no longer assailed, merely because the loser has brought another suit in a different court, even though the judgment may be secured, could very well leave the door open to a vexatious, vindictive or more powerful litigant to harass, impede and frustrate the rights of the judgment creditor. The litigation in the other court may be baseless; it may be expensive and protracted, or unduly postponed, leaving the victor possibly at his mercy. A much stronger showing than these papers reveal, must be shown to justify the granting of a stay.

The only provision of law under which this court might, under the circumstances here disclosed, exercise the power to grant a stay is subdivision 3 of section 6 of the Municipal Court Code. Realizing that the Municipal Court is a creature of statute, with limited jurisdiction, I doubt that it has the power to grant the stay of execution herein sought, although such power clearly lies in the Supreme Court or a court of general and inherent jurisdiction.

In any event, in the exercise of the court's discretion, the motion is in all respects denied.